UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: 7:17-CV-00058-BR

| | | |
|---|---|---|
| MARIAN DUBAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DITECH FINANCIAL LLC f/k/a | ) | |
| GREEN TREE SERVICING; and | ) | |
| NODELL, GLASS & HASKELL LLP, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Ditech Financial LLC's ("defendant") motion to dismiss this action based on lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE # 16.) Plaintiff has filed a response in opposition to the motion. (DE # 19.) Defendant has not filed a reply, and the time within which to do so has expired.

Plaintiff's complaint, (DE # 7), appears to be related to a foreclosure proceeding regarding property formerly owned by plaintiff's father, and perhaps now owned by plaintiff. According to documents filed in the foreclosure proceeding, the amount owed on a mortgage of the property was $53,489.28 as of 13 April 2014. (DE # 19, Ex. K.) On 16 March 2017, defendant Nodell, Glass & Haskell LLP, on behalf of defendant, provided documentation to plaintiff indicating the payoff amount was $67,866.32. (DE # 7-1.)

Plaintiff, a *pro se* litigant, alleges that the payoff amount provided in March 2017 is incorrect. (See Compl., at 4.) At a foreclosing proceeding on 14 September 2016, she claims

that she was provided a payoff total between $42,250 and $56,000 and secured a loan based on that information. (Id.) She asserts, "At this time, all action should cease and desist until we can obtain accurate figures with documentation with full explanation . . . ." (Id.)

In her response to defendant's motion to dismiss, she claims that defendants conspired to initiate a wrongful foreclosure proceeding. (DE # 19, at 1.) She alleges that they used a counterfeit mortgage instrument to obtain a default judgment on the property, an action which she says violates criminal statute 18 U.S.C. § 474. (Id. at 2.)

The court considers defendant's challenge this court's subject matter jurisdiction. Pursuant to 28 U.S.C. § 1331, a federal court possesses original jurisdiction over a civil action arising under federal law. Cases arise under federal law "'when federal law creates the cause of action asserted,'" or when a "state-law claim [has] a 'federal issue' [that] is '(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.'" Commonwealth of Virginia ex rel. Hunter Labs., L.L.C. v. Commonwealth, 828 F.3d 281, 287 (4th Cir. 2016) (quoting Gunn v. Minton, 568 U.S. 251, 257–58 (2013)). This court also possesses original jurisdiction pursuant to 28 U.S.C. § 1332(a) if the civil action has an amount in controversy exceeding $75,000, exclusive of interest and costs, and is between citizens of different states. "In order to establish diversity jurisdiction, the parties must be completely diverse; none of the plaintiffs may share citizenship with any of the defendants." Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 440 (4th Cir. 1999). The burden of proving subject matter jurisdiction in response to a Rule 12(b)(1) motion to dismiss is on the plaintiff, the party asserting jurisdiction. Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995).

This court lacks federal question jurisdiction over plaintiff's claims. In her complaint, plaintiff asserts that this court has federal question jurisdiction. (DE # 7, at 3.) However, plaintiff did not provide any statutory basis or other explanation for this assertion. (See id.) Later, in her response to the motion to dismiss, plaintiff alleges that defendants violated a federal statute, 18 U.S.C. § 474. However, that statute is a criminal statute. Consequently, the statute is inapplicable to this civil action and does not provide a ground for invoking subject matter jurisdiction. See, e.g., Sanderlin v. Hutchens, Senter & Britton, P.A., 783 F. Supp. 2d 798, 801 n.1 (W.D.N.C. 2011) (determining that 18 U.S.C. § 474 was "insufficient to invoke subject matter jurisdiction" in a civil action disputing a foreclosure); Vogler v. Countrywide Home Loans, Inc., No. 1:10CV370, 2010 WL 3394034, at *9 (M.D.N.C. Aug. 26, 2010) (memorandum and recommendation) (finding 18 U.S.C. § 474 "completely irrelevant" to plaintiff's foreclosure dispute and dismissing the claim), adopted (M.D.N.C. Sept. 29, 2010). Further, the payoff amount dispute, if anything, is a state-law foreclosure dispute, and generally "federal courts do not interfere in state court foreclosure proceedings." Houey v. Carolina First Bank, 890 F. Supp. 2d 611, 620 (W.D.N.C. 2012); see also Arnold v. Waterfield Mortg. Co., 966 F. Supp. 387, 389 (D. Md. 1996) ("[T]his Court should refrain from interfering in a state foreclosure proceeding."), aff'd, 116 F.3d 472 (4th Cir. 1997). Plaintiff's complaint does not raise sufficient federal issues, so federal question jurisdiction is not triggered.

Plaintiff's complaint also does not invoke diversity jurisdiction. Plaintiff states in her complaint that she is a North Carolina resident. (DE # 7, at 3.) However, the complaint also states that defendant Nodell, Glass & Haskell LLP is located in Raleigh, North Carolina. (Id. at 2.) Thus, the parties to this action share citizenship and fail to meet the requirements for diversity jurisdiction. Therefore, plaintiff does not satisfy her to burden of proving subject

matter jurisdiction. Due to this conclusion, the court does not reach the issue of whether plaintiff has failed to state a claim under Rule 12(b)(6).

Accordingly, defendant's motion to dismiss is GRANTED, and this case is DISMISSED WITHOUT PREJUDICE.

This 22 September 2017.

                                                                              _____
                                                                                   W. Earl Britt
                                                                                   Senior U.S. District Judge